UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:

LOUIKO NEVERS,

    Plaintiff,     COMPLAINT

v.

EXPERIAN INFORMATION SOLUTIONS INC, and ROADMASTER DRIVERS SCHOOL, INC.,

                                          DEMAND FOR JURY TRIAL

    Defendants.
_____/

## COMPLAINT

Plaintiff, Louiko Nevers ("Plaintiff"), by and through counsel, files this Complaint against Defendant Experian Information Solutions Inc ("Defendant Experian" or "Experian"), and Defendant Roadmaster Drivers School, Inc., ("Defendant Roadmaster" or "Roadmaster"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants

occurred here.

## DEMAND FOR JURY TRIAL

3.  Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.  Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida.

5.  Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f)

6.  Defendant Roadmaster is a Florida corporation whose registered agent is Donald E. Hudson II, 11300 4th Street North, 200, St. Petersburg, Florida 33716. Roadmaster is a company that provides educational programs that teach individuals how to safely operate a commercial motor vehicle and pass the commercial driver's license skills test.

## GENERAL ALLEGATIONS

7.  This action involves derogatory and inaccurate reporting of an account (the "Account") by Defendant Roadmaster to Defendant Experian and inaccurate names and addresses and wrong social security number by Defendant Experian.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

8. In or around February 2024, Plaintiff requested a copy of his credit report from Defendant Experian. The Experian Report listed the Account, multiple incorrect addresses and names, and a wrong social security number.

9. Plaintiff's Experian Report is reporting Plaintiff's social security number as ending in 51, when it actually ends in 54.

10. In or about February 2024, Plaintiff submitted a dispute to Defendant Experian because the Experian Report listed the Account as a collection with an overdue past balance of $2,623, along with other accounts (including Comenity accounts for a Burlington Credit Card and Academy Sports Credit Card, a Barclays Bank Delaware account, and a Citibank account), incorrect names, addresses, phone numbers, and a wrong social security number. He provided Experian with his state issued drivers license and a copy of his social security card to verify his identity.

11. In or about February 2024, Experian removed the other accounts Plaintiff disputed, verified the Account and indicated that Roadmaster certified to Experian that the information was accurate, failed to remove the incorrect names, addresses, and failed to correct the reported social security number to his social security number.

12. Plaintiff was denied lines of credit and loans due to the inaccurate and derogatory reporting of the Account by Defendant Experian and furnished by

Defendant Roadmaster along with the inaccurate names, addresses, and wrong social security number being reported by Experian.

13. As of the filing of this complaint, Defendant Experian is still reporting the Account, inaccurate names and addresses, and wrong social security number on Plaintiff's Experian Report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

14. Plaintiff incorporates by reference paragraphs ¶¶ 1-13 of this Complaint.

15. Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Roadmaster and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Roadmaster, along with inaccurate names and addresses, and a wrong social security number.

16. In or around February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate report from Defendant Roadmaster. Therefore, in or around February 2024, Plaintiff reported this inaccurate and derogatory information to Experian.

17. Defendant Roadmaster verified the inaccurate reporting of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Account's status and balance. Despite Experian having been put on notice of the inaccurate reporting, Experian did not correct the inaccurate information on Plaintiff's Experian credit report.

18. As of the filing of this complaint, Defendant Roadmaster's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

19. As of the filing of this complaint, Experian is still reporting the incorrect names and addresses Plaintiff disputed along with a wrong social security number.

20. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

21. Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

22. Despite Experian having received Plaintiff's dispute of Defendant Roadmaster's information, Experian continues to report the Account on Plaintiff's Experian Report.

23. Continuing to report the status of the Account in this fashion is significant.

24. By continuing to report the Account in this fashion, lenders believe Plaintiff has had a recent major delinquency, which reflects on Plaintiff's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

creditworthiness by impacting his credit score negatively.

25. Additionally, by continuing to report incorrect names, addresses and wrong social security number, lenders could Plaintiff is another person with that reported social security number, which reflects on Plaintiff's creditworthiness by leading to mistaken identity.

26. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

27. Experian failed to conduct a reasonable investigation and reinvestigation.

28. Experian failed to review and consider all relevant information submitted by Plaintiff.

29. Experian failed to conduct an independent investigation and, instead, deferred to Roadmaster, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

30. Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

31. Experian's reporting of inaccurate information about the Account, incorrect names, addresses, and wrong social security number, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates

Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

32. Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Roadmaster despite being in possession of evidence that the information was inaccurate.

33. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

34. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

35. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

36. Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

37. Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit

files.

38. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

39. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

40. Plaintiff is entitled to recover reasonable costs and attorney's fees from

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

41. The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

42. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

44. Plaintiff incorporates by reference paragraphs ¶¶ 1-13 above of this Complaint.

45. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

46. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

47. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

48. Additionally, Experian negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

49. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure

PAGE | **10** of 17

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

50.  The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51.  Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52.  As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

53.  WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Roadmaster)

54. Plaintiff incorporates the paragraphs ¶¶ 1-13 and by reference of this Complaint.

55. Defendant Roadmaster provides educational programs that teach individuals how to safely operate a commercial motor vehicle and pass the commercial driver's license skills test.

56. In or about February 2024, Plaintiff checked his credit reports and noticed that there was an inaccurate report from Defendant Roadmaster on his Experian Information.

57. In or about February 2024, Plaintiff submitted disputes of the erroneous and derogatory reporting to Experian by Defendant Roadmaster.

58. In response to the Dispute, Experian promptly and properly gave notice to Defendant Roadmaster of the Disputes in accordance with the FCRA.

59. As of the filing of this complaint, the Account has continued to be verified by Defendant Roadmaster.

60. Defendant Roadmaster is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

61. On a date better known by Defendant Roadmaster, Experian promptly and properly gave notice to Defendant Roadmaster of Plaintiff's Dispute in accordance with the FCRA.

62. In response to the notices received from Experian regarding Plaintiff's Dispute, Defendant Roadmaster did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

63. In response to receiving notice from Experian regarding Plaintiff's Dispute, Defendant Roadmaster failed to correct and/or delete information it knew to be inaccurate and/or which Experian could not otherwise verify.

64. Instead of conducting a reasonable investigation, Defendant Roadmaster erroneously validated the Account and continued to report inaccurate information to Experian.

65. On at least one occasion within the past year, by example only and without limitation, Defendant Roadmaster violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

66. On at least one occasion within the past year, by example only and without limitation, Defendant Roadmaster violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

67. On at least one occasion within the past year, by example only and without limitation, Defendant Roadmaster violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Experian about the inaccurate information.

68. Upon information and belief, Defendant Roadmaster was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

69. Defendant Roadmaster's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

70. As a direct and proximate result of Defendant Roadmaster's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

71. Defendant Roadmaster's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court allows and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

72. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Roadmaster, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Roadmaster)

73. Plaintiff incorporates by reference paragraphs ¶¶ 1-13 of this Complaint.

74. On at least one occasion within the past year, by example only and without limitation, Defendant Roadmaster violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

75. On one or more occasions within the past year, by example only and without limitation, Defendant Roadmaster violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting

agencies.

76. On one or more occasions within the past year, by example only and without limitation, Defendant Roadmaster violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

77. When Defendant Roadmaster received notice of Plaintiff's dispute from Experian, Defendant Roadmaster could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

78. Defendant Roadmaster would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Roadmaster had reviewed its own systems and previous communications with the Plaintiff.

79. Defendant Roadmaster's investigation was per se deficient by reason of these failures in Defendant Roadmaster's investigation of Plaintiff's Disputes.

80. As a direct and proximate result of Defendant Roadmaster's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

PAGE | 16 of 17

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

81. Defendant Roadmaster's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

82. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Roadmaster awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: March 15, 2024

Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*